**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Morales, | No. CV-08-01754-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| University of Phoenix; Apollo Group, Inc.; Will Posey; Jamie, (a finance manager, last name not known at this time.), | |
| Defendants. | |

The court has before it defendants University of Phoenix, Apollo Group, Inc., Will Posey, and Jamie Selgrath's motion to stay and compel arbitration and motion for summary disposition on defendants' motion to stay and compel arbitration (docs. 6 & 10). We also have before us plaintiff's motion to remand and for Rule 11 sanctions (doc. 7), plaintiff's motion for default judgment and amended motion for default judgment (doc. 8 & 12), and defendants' responses (docs. 9 & 13 respectively). The court also has before it plaintiff's motion for summary judgment (doc. 11), defendants' response and statement of facts (docs. 14 & 15), and plaintiff's reply (doc. 16).

Melissa Morales was hired as a finance counselor for the University of Phoenix, a subsidiary of the Apollo Group, in July 2008. All finance counselors are required to pass standardized proficiency tests as a condition of continued employment. After several failed attempts to pass these tests, plaintiff was placed on administrative leave and eventually fired.

As a result of her termination, plaintiff filed a *pro se* complaint in state court alleging negligent hiring, negligent retention, negligent supervision, negligent training, and retaliatory firing under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Defendants removed to this court on the basis of federal subject matter jurisdiction. Defendants now move to stay and compel arbitration pursuant to the dispute resolution policies contained in the Apollo Group's employee handbook.[1] Plaintiff argues that she is entitled to summary judgment and default judgment because defendants did not answer her complaint in state or federal court.

We first address plaintiff's argument that defendants were in default in state court when they failed to respond to the complaint within twenty days. Plaintiff filed her complaint in state court on August 26, 2008; the summons and complaint were served on defendants on August 28, 2008. On September 10, 2008, plaintiff filed an amended complaint, which was served on defendants on September 12, 2008. Plaintiff filed an application for default in state court on September 22, 2008. On September 25, 2008, within the time permitted under 28 U.S.C. § 1446(b), defendants filed their notice of removal in federal court. Plaintiff mistakenly believes that defendants' failure to respond to the complaint within twenty days of its service results in an automatic judgment in her favor. This is simply not the case.

Also, plaintiff's application for default in state court does not affect these proceedings. The Arizona Rules of Civil Procedure provide that, "default shall not become effective if the party claimed to be in default pleads or otherwise defends as provided by these Rules prior to the expiration of ten (10) days from the filing of the application for entry of default." Rule 55(a)(3), Ariz. R. Civ. P. Defendants filed a notice of removal on September 25, 2008, well within the ten-day period. Because they did not answer in state court, defendants were

---

[1] The University of Phoenix, Will Posey and Jamie Selgrath may enforce this agreement as employees, agents, or representatives of the Apollo Group. See Comer v. Micor, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006); Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, 7 F.3d 1110, 1121 (3d Cir. 1993).

1  required to file defenses or objections within five days of removing to this court. Rule
2  81(c)(2)(C), Fed. R. Civ. P. Defendants complied by filing their motion to stay and compel
3  arbitration on September 26, 2008. Contrary to plaintiff's assertion, there was no default in
4  this case.

5  Defendants move for summary disposition on their motion to stay and compel
6  arbitration based on plaintiff's failure to respond. Although not styled as a response, plaintiff
7  does address defendants' motion to compel in her motion to remand and for Rule 11
8  sanctions, which was filed nineteen days after defendants' motion. Plaintiff argues that the
9  dispute resolution procedures in defendants' employee handbook are not applicable because
10 she is no longer an Apollo Group employee. Motion to Remand ¶ 6. Even if we construe
11 this as a response to defendants' motion, plaintiff's argument fails. The dispute resolution
12 policy does not state that it expires upon an employee's termination. Moreover, a dispute
13 "arising out of the termination of any employee" is specifically listed as a level one dispute
14 subject to arbitration. Motion to Stay, Ex. 5 at 3.

15 Finally, to the extent that plaintiff has properly brought a motion for summary
16 judgment, any issues regarding the substance of the dispute must be decided by the arbitrator.
17 Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84, 123 S. Ct. 588, 592 (2002). We
18 therefore compel arbitration of plaintiff's claims and "stay the trial of the action until such
19 arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

20 Because arbitration is supposed to be quicker and less expensive than litigation, we
21 require the dispute resolution process under the employee handbook to be complete by
22 August 31, 2009. If it is not completed by that date (which is 11 months after the filing of
23 the complaint), we shall vacate the stay and allow this litigation to proceed. **IT IS**
24 **ORDERED** setting a telephonic status conference on May 15, 2009 at 3:30 p.m. to check
25 on the progress of the arbitration. The parties are instructed to call 602-322-7590 at the
26 appointed date and time.

27 Accordingly, **IT IS ORDERED GRANTING** defendants' motion to stay and compel
28 arbitration (doc. 6), and **DENYING** defendants' motion for summary disposition as moot

(doc. 10).  **IT IS FURTHER ORDERED DENYING** plaintiff's motion to remand and for Rule 11 sanctions (doc. 7), **DENYING** plaintiff's motion for default judgment (doc. 8), **DENYING** plaintiff's amended motion for default judgment (doc. 12), and **DENYING** plaintiff's motion for summary judgment (doc. 11).  **IT IS FURTHER ORDERED DENYING** plaintiff's demand for a jury trial as moot (doc. 17).

We recommend that plaintiff seek the advice of counsel.  If she does not have a lawyer, she may wish to call the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 27th day of February, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge